UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEREMY MAYORAL, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) Civil Action No. 1:24-cv-4699 |
| MCGRATH CITY HYUNDAI, INC., an Illinois Corporation, ETHOS GROUP INC., a Texas Corporation, MCGRATH AUTOMOTIVE, INC., an Illinois Corporation, and KEVIN CURTIS, Individually, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT ETHOS GROUP INC.'S MOTION TO COMPEL
PLAINTIFF'S DISCOVERY RESPONSES AND DOCUMENT PRODUCTION**

Defendant Ethos Group Inc. ("Ethos") files this Motion to Compel Discovery Responses and Document Production from Plaintiff Jeremy Mayoral ("Plaintiff"). In support, Ethos states as follows:

**I.
RELEVANT PROCEDURAL BACKGROUND**

1. Plaintiff formerly worked for Defendant McGrath City Hyundai, Inc. ("McGrath City"). Ethos, a third-party vendor to McGrath City, provides it with vehicle service contracts, warranties, and technology services, among other things. Despite Ethos having no involvement in Plaintiff's employment or his termination from employment at McGrath City, Plaintiff seeks to hold Ethos liable for the litany of claims set forth in his Original Complaint filed June 6, 2024. *See* ECF No. 1.

1

2. Pursuant with this Court's Notification of Docket Entry, Ethos timely served its First Requests for Production and its First Set of Interrogatories to Plaintiff (collectively referred to herein as "Discovery Requests") on September 3, 2024. *See* Exs. A-B, ECF. No. 14. Ethos's Discovery Requests seeks documents and information relevant to Plaintiff's claims and Ethos's defenses. Specifically, the Discovery Requests seek documents and information related to Plaintiff's allegations that Ethos employed him and his claimed damages. The Discovery Requests are also proportional to the needs of the case.

3. Plaintiff's counsel acknowledged receipt of Ethos's Discovery Requests the same day Ethos served the requests. *See* Ex. C.

4. Plaintiff's responses to the Discovery Requests were due on October 3, 2024. *See* FED. R. CIV. P. 33(b), 34(b) (a party responding to discovery requests must serve answers and objections within 30 days after service).

5. Plaintiff failed to serve any objections, written responses, or produce any documents in response to the Discovery Requests by the October 3, 2024 deadline, nor did Plaintiff seek an extension of his deadline to respond.

6. After not receiving Plaintiff's discovery responses, counsel for Ethos emailed counsel for Plaintiff on October 14, 2024 informing Plaintiff that his discovery responses were over a week overdue and inquired as to when Ethos could expect Plaintiff's responses. Plaintiff's counsel failed to respond to Ethos's inquiry or otherwise provide Plaintiff's discovery responses or corresponding document production. *See* Ex. D.

7. In a further effort to confer with Plaintiff's counsel, counsel for Ethos sent a second email on October 28, 2024, inquiring as to the status of Plaintiff's discovery responses and document production. Again, Plaintiff wholly failed to respond. *See* Ex. D.

8.	On November 7, 2024, counsel for Ethos emailed counsel for Plaintiff and informed counsel that if Ethos did not receive Plaintiff's discovery responses and corresponding document production by November 13, 2024, Ethos planned to file a motion to compel. Once again, no response was received.

9.	After not receiving Plaintiff's discovery responses, nor any communication whatsoever regarding the delay, counsel for Ethos called Plaintiff's counsel's office to attempt to confer on November 14, 2024. After, Plaintiff's counsel failed to return Ethos's call, Ethos sent a follow up email requesting Plaintiff's Counsel's availability to discuss Plaintiff's overdue discovery responses. *See* Ex. D.

10.	As of the date of this Motion, Counsel for Plaintiff failed to respond to any of Ethos's conference attempts. Plaintiff's discovery responses are now *48 days overdue*.

11.	Ethos respectfully seeks the Court's intervention to compel Plaintiff's responses and corresponding document production, to order that Plaintiff's objections to the Discovery Requests are waived, and to award Ethos's counsel attorneys' fees for having to file this Motion.

## II.
## LEGAL STANDARD

A party may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). "The responding party *must* serve its answers and any objections within 30 days after being served with the interrogatories." FED. R. CIV. P. 33(b) (emphasis added). "The grounds for objecting to an interrogatory must be stated with specificity." FED. R. CIV. P. 33(b)(4). "Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." *Id*.

Similarly, the deadline for serving responses to a party's request for production of documents is also "within 30 days after being served or—if the request was delivered under Rule

3

26(d)(2)—within 30 days after the parties' first Rule 26(f) conference." FED. R. CIV. P. 34(b)(2)(A). Although Rule 34 does not expressly provide for waiver of objections, "courts have generally recognized that Rule 33's automatic waiver provision applies to Rule 34 as well." *Martinez v. Cook County*, No. 11 C 1794, 2012 WL 6186601, at *3 & n.4 (N.D. Ill. Dec. 12, 2012). "The failure to object to a discovery request in a timely fashion may constitute a waiver of the objection, including objections based on privilege." *Applied Sys., Inc. v. N. Ins. Co. of New York*, 1997 WL 639235, at *2 (N.D. Ill. Oct. 7, 1997) (citations omitted) (emphasis added). When an opposing party fails to respond to discovery requests, a party may seek an order to compel discovery. FED. R. CIV. P. 37(a)(3)–(4).

Finally, when a motion to compel is granted or if the requested discovery is provided after the motion is filed, courts must require the responding party to pay the movant's reasonable expenses in bringing the motion to compel, including attorneys' fees. FED. R. CIV. P. 37(a)(5).

## III.
## ANALYSIS

Plaintiff's responses to Ethos's discovery requests are over 48 days overdue. Despite multiple attempts to confer with Plaintiff's counsel, Plaintiff has not responded to any of Ethos's inquiries regarding the status of Plaintiff's discovery responses, nor has it served its responses after being notified of their delinquency. To defend itself against Plaintiff's claims, Ethos requires Plaintiff's discovery responses and corresponding document production. Any potential objections to Ethos's Discovery Requests are waived as they are not timely raised.

Plaintiff cannot establish good cause for the delayed responses to excuse the waiver of any potential objections, including any privilege objections. *Applied Sys., Inc.*, 1997 WL 639235, at *2. Not only did Plaintiff fail to promptly respond to Ethos's inquiries, Plaintiff failed at any point to seek an extension of the deadline to respond. Further, Plaintiff has filed several motions and

4

other documents with this Court since his discovery responses were due. Specifically, Plaintiff has filed his: (1) Motion for Extension of Time to Comply; (2) Attorney Appearance; (3) a Status Report and Motion for Extension of Time to Serve Curtis, and (4) an Affidavit of Service of Kevin Curtis. *See* ECF Nos. 24, 15, 27, and 29. Further, Plaintiff served his affirmative discovery requests on Ethos after his own deadline to respond. *See* Ex. E. Because Plaintiff has found the time and resources necessary to make four (4) filings and to serve discovery since his responses to Ethos's Discovery Requests were due, he cannot reasonably establish good cause for the delay. *Israel v. Bucon*, No. 17 C 6452, 2018 WL 11436770, at *2 (N.D. Ill. Sept. 25, 2018) (explaining that prejudice to responding party from waiver of discovery objections is insufficient and responding party must demonstrate good cause).

## IV.
## CONCLUSION

Plaintiff cannot file suit and assert numerous claims and then wholly fail to provide any discovery responses to allow Ethos to understand, evaluate, and defend against those same claims. For the reasons stated above, Ethos respectfully requests an order: (1) compelling Plaintiff to provide his written discovery responses to Ethos's First Set of Interrogatories and Ethos's First Requests for Production within seven (7) days of the order; (2) compelling Plaintiff to produce all documents responsive to Ethos's First Requests for Production within seven (7) days of the order; (3) stating that any objections to Ethos's Discovery Requests, including any potential privilege objections, are waived; and (4) requiring Plaintiff to pay all of Ethos's reasonable expenses incurred in filing this Motion. Ethos further seeks any and all further relief to which it may be entitled, whether at law or in equity.

5

Dated: November 20, 2024          Respectfully submitted,

         By: */s/ Molly M. Jones*
         Jonathan W. Garlough
         Illinois State Bar No. 6295597
         jgarlough@foley.com
         **FOLEY & LARDNER LLP**
         321 N. Clark Street, Suite 3000
         Chicago, Illinois 60654
         Telephone: (312) 832-5702

         *-AND-*

         Molly M. Jones (Admitted *Pro Hac Vice)*
         Texas State Bar No. 24100271
         molly.jones@wickphillips.com
         Shelby M. Broaddus (Admitted *Pro Hac Vice)*
         Texas State Bar No. 24096209
         shelby.broaddus@wickphillips.com

         **WICK PHILLIPS GOULD & MARTIN, LLP**
         3131 McKinney Avenue, Suite 500
         Dallas, Texas 75204
         Telephone: (214) 692-6200
         Facsimile: (214) 692-6255

         ***ATTORNEYS FOR DEFENDANT ETHOS GROUP INC.***

## **CERTIFICATE OF CONFERENCE**

In compliance with Local Rule 37.2 and Judge Chang's Standing Order, Counsel for Ethos made several good faith attempts to resolve the discovery dispute set forth in this Motion before seeking the Court's intervention. Specifically, Counsel for Ethos reached out via email and/or telephone on October 14, 2024, October 28, 2024, November 7, 2024, and November 14, 2024, regarding Plaintiff's overdue discovery responses and the relief sought in this Motion. As of the date of this Motion, Counsel for Plaintiff failed to respond to any of Ethos's conference attempts.

*/s/ Molly M. Jones*
Molly M. Jones

## **CERTIFICATE OF SERVICE**

On November 20, 2024, the foregoing document was electronically submitted with the clerk of court for the U.S. District Court, Northern District of Illinois, using the electronic case filing system of the court. I hereby certify that all counsel of record have been served electronically or by another manner authorized by Fed. R. Civ. P. 5(b)(2).

*/s/ Molly M. Jones*
Molly M. Jones