# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JEREMY MAYORAL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| | ) | **Civil Action No. 1:24-cv-4699** |
| **MCGRATH CITY HYUNDAI, INC., an** | ) | |
| **Illinois Corporation, ETHOS GROUP,** | ) | |
| **INC., a Texas Corporation, MCGRATH** | ) | |
| **AUTOMOTIVE, INC., an Illinois** | ) | |
| **Corporation, and KEVIN CURTIS,** | ) | |
| **Individually,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**DEFENDANT ETHOS GROUP INC.'S FIRST SET OF**
**INTERROGATORIES TO PLAINTIFF**

To:     Plaintiff Jeremy Mayoral, by and through his counsel of record, Ethan G. Zelizer, HR Law Counsel, 29 S. Naperville, Illinois 60540.

Defendant Ethos Group Inc.'s ("Ethos") serves its First Set of Interrogatories to Plaintiff Jeremy Mayoral ("Mayoral" or "Plaintiff") under Federal Rule of Civil Procedure 26 and 33. Plaintiff shall serve his written responses to the office of Wick, Phillips, Gould & Martin, LLP, 3131 McKinney, Suite 500, Dallas, Texas 75204, within thirty (30) days from the date of service of these Interrogatories.

## I.      INSTRUCTIONS AND DEFINITIONS

### Instructions

1.      The Interrogatories listed below should be answered under oath and in writing in accordance with Rules 26 and 33 of the Federal Rules of Civil Procedure.

2.      To the fullest extent permitted by the Federal Rules of Civil Procedure, these Interrogatories are intended to be continuing in nature.  You are requested and required to supplement your answers and responses when appropriate or necessary to make them correct and complete.

3.      In answering these Interrogatories, you must furnish all requested information that is known by, possessed by, or available to you, or any of your attorneys, consultants, representatives, or agents, or any other person acting on your behalf.

4.      If you are unable to answer fully any of these Interrogatories, you must answer them to the fullest extent possible, specifying the reason or reasons that you cannot answer the remainder and stating whatever information, knowledge or belief you have concerning the unanswerable portion.  An evasive or incomplete answer may be deemed to be a failure to answer.

5.      If you object to fewer than all of the subparts of an Interrogatory, then you must answer the remaining subparts.  In addition, if you object to an Interrogatory or subpart thereof as calling for information that is beyond the scope of discovery, you must, nevertheless, answer the Interrogatory or subpart thereof to the full extent that it is not objectionable.

6.      For each Interrogatory and subpart of each Interrogatory, if the information provided in your answer is not within your personal knowledge, please identify each person to whom the information is a matter of personal knowledge, if known.

7.      If you respond to any Interrogatory or subpart of any Interrogatory by withholding

information otherwise discoverable based upon a claim that it is privileged, protected by the attorney work product doctrine, or subject to protection as trial preparation material, you must (a) expressly make that claim and describe the nature of the information not disclosed in a manner that, without revealing information itself privileged or protected, will enable Defendant to assess the claim that the information is privileged or protected, and (b) answer the Interrogatory or subpart by providing all information to which you do not assert an objection based upon a claim of privilege or protection.

8.      For the purpose of interpreting and construing the scope of these Interrogatories, you are instructed to give words their most expansive and inclusive meanings, unless otherwise specifically limited by the language of an individual request.  Accordingly:

      a.      construe the words "and" and "or" either disjunctively or conjunctively, as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope;

      b.      construe the term "including" to mean "including, but not limited to;"

      c.      construe the singular form of a word to include the plural and the plural form to include the singular;

      d.      construe a masculine noun or adjective to include the feminine and *vice versa*; and

      e.      construe the words "all" and "each" to mean both all and each.

9.      All definitions and rules of construction contained in the Federal Rules of Evidence and the Federal Rules of Civil Procedure are incorporated herein by reference.

10.      Unless otherwise specified, the relevant time frame for the following Interrogatories is January 1, 2022 through the date of trial of this Lawsuit.

**Definitions**

11.     "Complaint" shall mean the Original Complaint on file in this Lawsuit, and all supplements and/or amendments thereto.

12.     "Communication," "communicate," and "communicated," mean any oral or written utterance, notation or statement of any nature whatsoever, by or to whomsoever made, including, but not limited to correspondence, conversations, dialogues, discussions, interviews, consultations, agreements, and other understandings, between two or more Persons.

13.     "Curtis" means defendant Kevin Curtis, including his representatives, agents, attorneys, and anyone acting on his behalf

14.     "Defendants" shall mean McGrath City Hyundai, Inc., McGrath Automotive, Inc., Ethos Group, Inc., and Kevin Curtis and any of their officers, members, employees, servants, agents, representatives, successors, and assigns.

15.     "Document" is used in the broadest sense under the Federal Rules of Civil Procedure and includes, but is not limited to, all originals, nonidentical copies and drafts thereof. The term "document" includes, but is not limited to, the following items, whether printed, recorded, or reproduced by mechanical or electronic process, or written or produced by hand: agreements; communications, including intercompany and intracompany communications; letters; electronic mail, instant messages, text messages, correspondence; information and data from social media accounts; memoranda; records; books; summaries of records or papers; graphs; charts; maps; blueprints; diagrams; tables; indices; pictures; recordings; tapes; computer storage media; accounts; analyses and analytical records; memoranda of telephone calls; minutes or records of meetings or conferences; reports or summaries of interviews; transcripts; reports; microfilm; microfiche; telecopies; faxes; computer printouts; ledgers; photographs; videotapes; schedules;

diagrams; diaries; calendars; day-timers; logs; reports or summaries of investigations; opinions or reports of consultants; appraisals; evaluations; reports or summaries of negotiations; brochures; bulletins; pamphlets; circulars; advertising literature; magazine and newspaper articles or advertisements; trade letters; press releases; contracts; notes; drafts; projections; working papers; ledgers; checks (front and back); check stubs; receipts; and other documents, papers, or writings of whatever description including, but not limited to, any information contained in any computer or electronic information storage and retrieval device.

16.     "Ethos" shall mean Defendant Ethos Group Inc, or any of its officers, members, employees, servants, agents, representatives, successors, and assigns.

17.     "Identify" or "name" means to provide the complete identity, to the extent known or ascertainable by you or your agents, employees, or attorneys, and includes, without limitation, the following information:

  (a)   If a person, his or her full name, last known address and telephone number, and last known employer;

  (b)   If an entity, the full legal name of the entity, the address and the telephone number;

  (c)   If a document, its character or title, the date it was created, and the author and/or signatory;

  (d)   If a communication, the exact language or nature of the communication, the person with whom the communication was made, and the date(s) of the communication; and

  (e)   If an action, the date of the action, the persons involved in the action and their roles, and a description of the specific nature of the action.

18.     "Lawsuit" shall mean the litigation described in the heading of this pleading.

19.     "McGrath" shall mean Defendant McGrath Automotive, Inc., including its officers, members, employees, servants, agents, representatives, successors, and assigns.

20.     "MCH" shall mean Defendant McGrath City Hyundai, Inc., including its officers, members, employees, servants, agents, representatives, successors, and assigns.

21.     "Medical Service Provider" means any hospital, clinic, urgent care provider, physician, physician assistant, nurse practitioner, nurse, mental health professional, counselor, or other medical personnel.

22.     "Person" includes natural persons, corporations, partnerships, joint ventures, unincorporated associations, trusts, government entities, and all other entities of any nature whatsoever.

23.     "Plaintiff," "you," "your," "Mayoral" means Plaintiff Jeremy Mayoral, including his representatives, agents, attorneys, and anyone acting on his behalf.

24.     "Relating to," "relate to," "regarding," "concern," "concerning," means referring, reflecting, evidencing, pertaining to, concerning, discussing, mentioning, containing, describing, displaying, showing, identifying, proving, disproving, consisting of, supporting, contradicting, constituting (in whole or in part), or having any relationship to the subject matter of specific document requests.

25.     The plural includes the singular and vice versa.

26.     The masculine includes the feminine and vice versa.

27.     The definitions herein are not case sensitive.

## II.     INTERROGATORIES

**INTERROGATORY NO. 1:** Itemize each category of damages you seek from Ethos, including the amount sought for each category, the formula for the calculation of damages amount, and a description of the data relied upon.

**ANSWER:**

**INTERROGATORY NO. 2:** Identify each individual who you believe has knowledge of the allegations set forth in the Complaint and the specific knowledge you believe each such person has.

**ANSWER:**


**INTERROGATORY NO. 3:** With respect to each prospective employer from whom you have sought employment on or after your final date of employment with any of the Defendants, state the name and address of the employer; the date of your application or contact with that employer; the position sought; whether you were offered a position; and, if offered the position, the compensation (wages and benefits) offered to you; and whether you accepted such position and, if not, why not. Include in your response to this Interrogatory all attempts to secure work, including as a contractor, consultant or through an employment agency.

**ANSWER:**


**INTERROGATORY NO. 4:** Itemize your total income for the period from October 1, 2022, to the present, including income derived from any employer, from self-employment, pension payments, disability benefits, insurance proceeds, workers' compensation or unemployment compensation, or any other income from any person. In doing so, please identify the source of income and the time period during which such income was received.

**ANSWER:**


**INTERROGATORY NO. 5:** Please identify each of your employers since your last date of employment with any of the Defendants, the dates of employment, the job title, benefits, and income for each such employment and, if no longer employed, state the reason you are no longer employed with the employer(s). Include all work performed for compensation, including work as an contractor, consultant, or through an employment agency.

**ANSWER:**


**INTERROGATORY NO. 6:** Other than this Lawsuit, state whether you have ever made or brought any claim or action or participated as a witness in any claim or action, involving any alleged employment discrimination, retaliation, or wrongful discharge from employment. If so, please state the location, the court or agency, style, and cause number of said action, and the disposition of such claim or action.

**ANSWER:**

**INTERROGATORY NO. 7:** Identify all current or former employees, representatives, or agents employed with or working for any of the Defendants whom you have contacted, or have been in contact with, regarding any matters relating to this Lawsuit or to the subject matter of this Lawsuit. Please also state the dates of all such contacts and the nature of the contacts (i.e., in person, by telephone, or through a third party, etc.), and the substance of what transpired during such contacts.

**ANSWER:**

**INTERROGATORY NO. 8:** If you contend that you have suffered any physical or mental ailment or condition (including mental anguish or emotional distress) as a consequence of the allegations in this Lawsuit, identify each Medical Service Provider who or which has provided you medical, psychological, and/or psychiatric care, examinations, advice, treatment, counseling, or consultation for same and the date(s) when such care, examinations, advice, treatment, counseling, or consultation was received for such physical or mental ailment or condition (including mental anguish or emotional distress) between September 2018 and the present.

**ANSWER:**

**INTERROGATORY NO. 9:** Please identify all employees or agents of Ethos whom you claim retaliated against you based on your alleged participation in alleged protected activity.

**ANSWER:**

**INTERROGATORY NO. 10:** Identify all Ethos employees, independent contractors, or agents who you communicated with regarding your compensation, commissions, demo allowances, paid time off, and/or other wage incentive. In your response, identify (a) the date of the communication; (b) the means of communication (i.e., verbal, text message, email, etc.); and (c) the general substance of the communication.

**ANSWER:**

**INTERROGATORY NO. 11:** Identify each person that participated or assisted in answering these Interrogatories, including the person' s title, place of employment, and length of time in that position.

**ANSWER:**

**INTERROGATORY NO. 12:** Identify all employees or agents of Ethos you contend were involved in the decision to hire you and/or Curtis to work at McGrath/MCH and the dates of any communications on that topic between you and/or Curtis, on one hand, and employees or agents of Ethos, on the other hand.

**ANSWER:**

**INTERROGATORY NO. 13:** State whether any documents within your position, custody, or control relating to your alleged employment with any of the Defendants have been destroyed, altered, lost, disposed of, or otherwise removed from your records or files. Identify all such documents, the person(s) who removed or destroyed the documents, and the dates and reasons for their removal or destruction.

**ANSWER:**

Dated: September 3, 2024                    Respectfully submitted,

By:  */s/ Molly M. Jones*
     Molly M. Jones (Admitted *Pro Hac Vice*)
     Texas State Bar No. 24100271
     molly.jones@wickphillips.com
     Shelby M. Broaddus (Admitted *Pro Hac Vice*)
     Texas State Bar No. 24096209
     shelby.broaddus@wickphillips.com

     **WICK PHILLIPS GOULD & MARTIN, LLP**
     3131 McKinney Avenue, Suite 500
     Dallas, Texas 75204
     Telephone:    (214) 692-6200
     Facsimile:    (214) 692-6255

     *-AND-*

     Jonathan W. Garlough
     Illinois State Bar No. 6295597
     jgarlough@foley.com
     **FOLEY & LARDNER LLP**
     321 N. Clark Street, Suite 3000
     Chicago, Illinois 60654
     Telephone:    (312) 832-5702

     ***ATTORNEYS FOR DEFENDANT
     ETHOS GROUP INC.***

## **CERTIFICATE OF SERVICE**

On September 3, 2024, the foregoing document was electronically submitted with the clerk of court for the U.S. District Court, Northern District of Illinois, using the electronic case filing system of the court.  I hereby certify that all counsel of record have been served electronically or by another manner authorized by Fed. R. Civ. P. 5(b)(2).


*/s/ Molly M. Jones*
Molly M. Jones